IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GENE WOODHAM,

        Plaintiff,                  No. CIV S-09-0082 GGH P

    vs.

RN DATOR, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In this instance, plaintiff filed an amended complaint prior to the court having screened the original complaint.  The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a).  However, an amended or supplemental complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is filed, the original pleading no longer serves any function in the case.  Id.; see also E.D. Local Rule 15-220.  Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff will be required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.  The court will therefore screen the superseding amended complaint.

The court must dismiss a complaint (or amended complaint) or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The amended complaint states a colorable claim for relief against defendants Registered Nurse (RN) Dator; RN Stormes; RN S. Wholer; Licensed Vocational Nurse (LVN) R. Cook; Dr. J. Soltanian-Zadeh; Dr. B. Williams;[1] pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

As to defendants Warden Subia and Associate Warden L. Jackson, the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

---

[1] Plaintiff in one place references an "R." Williams, but this appears to be an error.

3

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent that plaintiff alternatively sues defendants Subia, Jackson, for the manner of the processing of his medical grievances, a claim he also brings against defendant O'Laughlin, plaintiff is informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472,

484, 115 S. Ct. 2293, 2300 (1995).[2]  Plaintiff's claims against defendants Subia, Jackson and O'Laughlin will be dismissed but plaintiff will be granted leave to amend.

Plaintiff alleges that on February 1, 2008, defendants L. Olivas and J. Brazil, with defendant D. Long listening via speaker phone, told plaintiff that he would be transferred out of Mule Creek State Prison (MCSP) if plaintiff pursued "ADA issues." AC, p. 13.  Plaintiff had evidently filed an ADA appeal on December 31, 2007, contending that he was being excluded from participating in programs, which programs he does not identify herein.  Id.  Defendant Brazil told plaintiff that regardless of any disability plaintiff had, he would never participate in any scheduled program.  Id.  Defendants Brazil and Olivas told plaintiff they had purposefully put him on the "'wrong waiting list'" so that he would not receive an assignment because plaintiff refused to testify against an Inmate Vasquez T-72149 who had committed a battery on plaintiff on November 2, 2007.  AC, pp. 13-14.  Defendant Long told plaintiff that if he agreed to testify, plaintiff would be given a clerical assignment compatible with plaintiff's ADA medical issues.  Id., at 14.  Plaintiff claims that defendants Ochoa and Burnbaugh denied him access to a lower tier shower even though plaintiff has a mobility impairment (left ankle fusion with screws requiring use of cane) and he filed an ADA grievance against them, which appeal was granted and Ochoa and Burnbaugh thereafter directed to comply with plaintiff's disability needs while he was housed in ad seg.  AC, pp. 1-2, 18-19.

As far as having a job assignment, prisoners do not have a constitutional right to a job.  Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 846 (9th Cir. 1985)("[g]eneral

---

[2]  "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra .

5

limitation of jobs and educational opportunities is not considered punishment"). Thus, to the extent that plaintiff claims he was deprived of a prison job assignment, such a claim in and of itself does not implicate a federal right.

Plaintiff may bring a claim pursuant to Title II of the Americans with Disabilities Act (ADA) against state entities for injunctive relief and damages. See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004); Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002). Plaintiff may seek money damages against state entities under the ADA; however, he cannot seek damages pursuant to the ADA against the defendants in their individual capacities. Eason v. Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir. 2002), citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir. 2001). Accordingly, to the extent plaintiff sues these individual defendants under the ADA, Olivas, Brazil, Long, Ochoa and Burnbaugh, they must be dismissed because plaintiff has not named a proper defendant; however, plaintiff will be given leave to amend.

Moreover, Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). To state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Weinrich, 114 F.3d at 978

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Within plaintiff's superseded original complaint, plaintiff requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

\\\\\

1    3.  Plaintiff's original complaint has been superseded by the amended complaint,

2    filed on March 31, 2009.

3    4.  Plaintiff's claims against defendants Subia, Jackson, O'Laughlin, Olivas,

4    Brazil, Long, Ochoa and Burnbaugh are dismissed for the reasons discussed above, with leave to

5    file a second amended complaint within thirty days from the date of service of this Order.

6    Failure to file a second amended complaint will result in a recommendation that these defendants

7    be dismissed from this action.

8    5.  Upon filing a second amended complaint or expiration of the time allowed

9    therefor, the court will make further orders for service of process upon some or all of the

10   defendants.

11   6.  Plaintiff's January 12, 2009, request for the appointment of counsel (Docket

12   No. 1) is denied.

13   DATED: April 20, 2009

14

15                                      /s/ Gregory G. Hollows

16   _____
                                         UNITED STATES MAGISTRATE JUDGE

17   GGH:009
     wood0082.b1nf

18

19

20

21

22

23

24

25

26

8