|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | IN THE UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| 10 | GENE WOODHAM, | |
| 11 | Plaintiff, | No. CIV S-09-0082 GGH P |
| 12 | vs. | |
| 13 | RN DATOR, et al., | |
| 14 | Defendants. | ORDER |
| 15 | _____/ | |

Pending before the court is the U.S. Marshal's February 8, 2010, request for reimbursement for the cost of personal service of defendant . On February 16, 2009, defendants filed objections to this request. For the following reasons, defendants are ordered to reimburse the U.S. Marshal for the cost of personal service.

On January 12, 2009, plaintiff filed the original complaint. On March 31, 2009, plaintiff filed an amended complaint. On April 20, 2009, the undersigned found that the complaint stated a colorable claim against defendants Dator, Stormes, Wholer, Cook, Soltanian-Zadeh and B. Williams, but dismissed the claims against the remaining defendants with thirty days to file a second amended complaint. Plaintiff filed a second amended complaint on April 30, 2009. On July 22, 2009, found the claims of the second amended complaint appropriate for service on defendants Registered Nurse (RN) Dator; RN Stormes; RN S. Wholer; Licensed

Vocational Nurse (LVN) R. Cook; Dr. J. Soltanian-Zadeh; Dr. B. Williams and ordered plaintiff to return the forms necessary to effect service of on the defendants within thirty days. On August 18, 2009, plaintiff returned these forms, and on August 31, 2009, the undersigned ordered the U.S. Marshal to serve defendants Dator; Stormes; Wholer; Cook; Soltanian-Zadeh; and B. Williams. This order directed the Marshal to notify defendant within ten days of the commencement of the action and to request a waiver of service of summons in accordance with Fed. R Civ. P. 4(d) and 28 U.S.C. § 566(c). The August 31, 2009, order further stated that if a waiver of summons was not returned within sixty days from the date of the mailing of the request for waiver, the U.S. Marshal was to personally serve defendant.

On October 2, 2009, the U.S. Marshal mailed the waivers to defendants Wholer; Stormes; Dator; Soltanian-Zadeh; Cook; and Williams. On January 19, 2010, defendants Williams, Dator, Stormes, Soltanian-Zadeh and Cook[1] filed a motion to dismiss but did not return the waivers. After not receiving the waivers within sixty days, on February 3, 2010, the U.S. Marshal personally served defendants Wholer, Dator, Stormes, and Soltanian-Zadeh at Mule Creek State Prison. Docket Nos. 24, 26. The total cost of personal service for these defendants was $382.00; the cost for each is $95.50.[2] Docket No. 33. On February 8, 2010, defendant Williams was personally served at a cost of $55.50, and defendant Cook was personally served on February 10, 2010, the cost for which was $321.00. Docket Nos. 30 and 31.

Fed. R. Civ. P. 4(d)(2) provides that if a defendant located within the United States fails, without good cause, to sign and return a waiver, the court may impose on the defendant the expenses of personal service. In the opposition to the pending request, defendants

---

[1] These defendants had received an extension of time to respond to the second amended complaint by Order, filed on December 3, 2009. In their motion to dismiss, subsequently filed on January 19, 2010, defendants indicated in a note that to their knowledge, defendant Wholer had not been yet located or served at that point.

[2] In Docket No.33, it is clear that the US Marshals service made a typographical error in assessing the cost per each of those four defendants as $90.50, rather than $95.50, in light of the costs assessed therein.

Dator, Stormes and Soltanian-Zadeh (with no reference made to defendants Wholer, Cook and Williams) do not address whether they had good cause for failing to return the waivers. Instead, they argue that these defendants had already voluntarily appeared by way of their motion to dismiss, filed on January 19, 2010; thus, there was no need for the Marshal's Office to effect service upon them on February 3, 2010.

While some of the defendants may have appeared in the action by filing the motion to dismiss, this also does not excuse their failure to return the waivers. In essence, defendants are suggesting that the court be required to check whether a waiver has been returned each time a defendant, whom the court has ordered the U.S. Marshal to serve, makes an appearance. If the waiver has not been returned, defendants are suggesting that the court be required to inform the U.S. Marshal of the appearance so that no personal service occurs.

The court does not have the resources to engage in the administrative task defendants in essence are suggesting. Requiring a defendant to return the form, as he is required to by the Federal Rules, is not unreasonable.

Defendants have not shown good cause for their failure to return the waivers. The emailed waivers that the Marshal's Office notes as made on February 4, 2010, by defendants Stormes, Dator and Soltanian-Zadeh (evidently after personal service was effected) were in no way timely or adequate. Therefore, defendants Stormes, Dator and Soltanian-Zadeh are ordered to pay the cost of service. In addition, defendants Cook and Williams have returned belated waivers following the dates of personal service upon them, and defendant Wholer evidently has never returned a waiver; therefore, each of these defendants are also responsible for the respective cost of personal service upon them.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, defendants shall reimburse the U.S. Marshal for the cost of personal service for a total of $382.00 for four of the defendants divided individually in the amount of $95.50 owed by each for these four defendants Wholer;

1 | Stormes; Dator; and Soltanian-Zadeh; as for defendant Williams, the cost to be reimbursed is
2 | $55.50; and for defendant Cook, the cost to be reimbursed is $321.00.
3 |     2. The Clerk of the Court shall serve a copy of this order on Valerie Duran, U.S.
4 | Marshals Service.
5 | DATED: March 15, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
wood0082.taxcost